```
                              United States Bankruptcy Court
                              Northern District of California
In re:                                                          Case No. 14-51066-SLJ
Matthew T. Gray                                                 Chapter 13
         Debtor
                              CERTIFICATE OF NOTICE
District/off: 0971-5          User: kdu                 Page 1 of 2        Date Rcvd: Mar 25, 2014
                              Form ID: pdfpln           Total Noticed: 23
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 27, 2014.
```
db        +Matthew T. Gray,    9561 Valley Home Rd.,    Oakdale, CA 95361-9227
smg       ++CALIFORNIA STATE BOARD OF EQUALIZATION,    ACCOUNT REFERENCE GROUP MIC 29,    P O BOX 942879,
            SACRAMENTO CA 94279-0029
           (address filed with court: State Board of Equalization,
            Attn: Special Procedures Section, MIC:55,    P.O. Box 942879,     Sacramento, CA  94279)
13626305  ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
           (address filed with court: Bank of America,     P.O. Box 982235,    El Paso, TX 79998-2235)
13626307    Bank of America, N.A.,    P.O. Box 25118,    Tampa, FL 33622-5118
13626308    Bank of America, N.A.,    P.O. Box 940335,    Simi Valley, CA 93094-0335
13626309    Capital One,    Attn: General Correspondence,    P.O. Box 30285,    Salt Lake City, UT 84130-0285
13626310    Capital One Retail Services,    P.O. Box 5893,    Carol Stream, IL 60197-5893
13626311    Chase, N.A.,    P.O. Box 15123,    Wilmington, DE 19850-5123
13626313  ++DELL FINANCIAL SERVICES,    P O BOX 81577,    AUSTIN TX 78708-1577
           (address filed with court: Dell Financial Services,     C/O DFS Customer Care Dept.,
            P.O. Box 81577,    Austin, TX 78708-1577)
13626314    Elaine Gray,    2907 Fifth Street,    Bakes CA 95917
13626320    TD Bank USA/ Target Credit,    3701 Wayzata Blvd.,    Minneapolis, MN 55416-3401
13626321    U.S. Department of Education,    P.O. Box 5609,    Greenville, TX 75403-5609
13626325    Wells Fargo Bank,    P.O. Box 10347,    Des Moines, IA 50306-0347
13626326    Wells Fargo Education Financial Services,    P.O. Box 5185,    Sioux Falls, SD 57117-5185
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg         E-mail/Text: itcdbg@edd.ca.gov Mar 26 2014 02:10:18      CA Employment Development Dept.,
             Bankruptcy Group MIC 92E,    P.O. Box 826880,    Sacramento, CA  94280-0001
smg         E-mail/Text: BKBNCNotices@ftb.ca.gov Mar 26 2014 02:10:53      CA Franchise Tax Board,
             Attn: Special Procedures,    P.O. Box 2952,    Sacramento, CA  95812-2952
smg         E-mail/Text: cio.bncmail@irs.gov Mar 26 2014 02:10:09      IRS,    P.O. Box 7346,
             Philadelphia, PA  19101-7346
13626315    E-mail/Text: BKBNCNotices@ftb.ca.gov Mar 26 2014 02:10:53      Franchise Tax Board,
             P.O. Box 942840,    Sacramento, CA 94240-0009
13639195    E-mail/PDF: rmscedi@recoverycorp.com Mar 26 2014 02:18:01      GE Capital Retail Bank,
             c/o Recovery Management Systems Corporat,    25 SE 2nd Avenue, Suite 1120,    Miami, FL 33131-1605
13626316    E-mail/PDF: gecsedi@recoverycorp.com Mar 26 2014 02:17:58      GECRB/ American Eagle,
             P.O. Box 965005,    Orlando, FL 32896-5005
13626317    E-mail/Text: cio.bncmail@irs.gov Mar 26 2014 02:10:09      Internal Revenue Service,
             P.O. Box 7346,    Philadelphia, PA 19101-7346
13626318    E-mail/Text: bankruptcyonlinefilings@logixbanking.com Mar 26 2014 02:10:25
             Lockheed Federal Credit Union,    Loan Adjustment Dept.,    2340 N. Hollywood Way,
             Burbank, CA 91505
13626319    E-mail/PDF: gecsedi@recoverycorp.com Mar 26 2014 02:17:58      Paypal Credit Svcs/ GECRB,
             P.O. Box 960080,    Orlando, FL 32896-0080
                                                                                              TOTAL: 9
             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
reqntc*     GE Capital Retail Bank,    c/o Recovery Management Systems Corporat,
             25 SE 2nd Avenue, Suite 1120,    Miami, FL 33131-1605
13626306* ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
           (address filed with court: Bank of America,     P.O. Box 982235,    El Paso, TX 79998-2235)
13626312*   Chase, N.A.,    P.O. Box 15123,    Wilmington, DE 19850-5123
13626322*   U.S. Department of Education,    P.O. Box 5609,    Greenville, TX 75403-5609
13626323*   U.S. Department of Education,    P.O. Box 5609,    Greenville, TX 75403-5609
13626324*   U.S. Department of Education,    P.O. Box 5609,    Greenville, TX 75403-5609
                                                                              TOTALS: 0, * 6, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 27, 2014                                Signature:  /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 25, 2014 at the address(es) listed below:
```
              Devin   Derham-Burk    ctdocs@ch13sj.com
              Lars T. Fuller    on behalf of Debtor Matthew T. Gray Fullerlawfirmecf@aol.com,
               Larsfullerecf@aol.com
              Office of the U.S. Trustee / SJ    USTPRegion17.SJ.ECF@usdoj.gov,  ltroxas@hotmail.com
                                                                                             TOTAL: 3
```

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:                           Case No. 14-51066-SLJ

Matthew T. Gray
_____/    CHAPTER 13 PLAN
            Debtor(s)

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee, and the Debtor(s) will pay to the Trustee the sum of $ 485 _____ each month. Initial attorneys fees are requested in the amount of $ 4,300.00 _____.
   ___ Debtor(s) elect a voluntary wage order

2. From the payments received, the Trustee will make disbursements as follows:
   (a) On allowed claims for expenses of administration required by 11 U.S.C. § 507(a)(2) in deferred payments.
   (b) On allowed secured claims, which shall be treated and valued as follows:

   | Name | Value of Collateral | Estimated Mortgage/ Lease Arrears | Adequate Protection Payments (If specified) | Interest Rate (If specified) |
   |---|---|---|---|---|
   | Lockheed Federal CU | $20,796.75 | | $320.00 | 5 |
   | Dell Financial Serv. | $300.00 | | $5.00 | 1 |

   [The valuations shown above will be binding unless a timely objection to confirmation is filed. Secured claims will be allowed for the value of the collateral or the amount of the claim, whichever is less, and will be paid the adequate protection payments and the interest rates shown above. If an interest rate is not specified, 7% per annum will be paid. The remainder of the amount owing, if any, will be allowed as a general unsecured claim paid under the provisions of ¶ 2(d).]

   (c) On allowed priority unsecured claims in the order prescribed by 11 U.S.C. § 507.
   (d) On allowed general unsecured claims as follows:
       ☒ at a rate of __0__ cents on the dollar. The estimated term of the plan is __60__ months. (Percentage Plan)
       ___ the sum of _____ payable over _____ months, distributed pro rata, in amounts determined after allowed administrative, secured and priority unsecured claims are paid. The plan payments will continue at the highest monthly payment provided in ¶ 1 as necessary to pay all allowed administrative, secured and priority unsecured claims within sixty months of confirmation. (Pot Plan)

3. The debtor(s) elect to reject the following executory contracts of leases and surrender to the named creditor(s) the personal or real property that serves as collateral for a claim. The debtor(s) waive the protections of the automatic stay and consent to allow the named creditor(s) to obtain possession and dispose of the following identified property or collateral without further order of the court. Any allowed unsecured claim for damages resulting from the rejection will be paid under paragraph 2(d).

4. The Debtor(s) will pay directly the following fully secured creditors and lessors or creditors holding long-term debt:
   Name                      Monthly Payment       Name                      Monthly Payment

5. The date this case was filed will be the effective date of the plan as well as the date when interest ceases accruing on unsecured claims against the estate.

6. The Debtor(s) elect to have property of the estate:
   ___ revest in the debtor(s) at such time as a discharge is granted or the case is dismissed.
   ☒ revest in the debtor(s) upon plan confirmation. Once property revests, the Debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

Dated: 03/11/2014          /s/Matthew T. Gray
                                    Debtor                                    Debtor

I, the undersigned, am the attorney for the above-named debtor(s) and hereby certify that the foregoing chapter 13 plan is a verbatim replica of pre-approved chapter 13 plan promulgated pursuant to B.L.R. 1007-1 for use in the San Jose Division.

Dated: 3/11/2014           /s/ Lars T. Fuller
                                   Attorney for Debtor(s)

Rev. 04/06 (This certification must be signed for any Model Chapter 13 Plan generated by WordPerfect, Word, or other word processing program.)

## Notice to Creditors Regarding Plan Provisions

**Binding Effect of the Plan**: The plan will be binding upon creditors if approved at a confirmation hearing. You should review the plan carefully as your legal rights may be affected. You may wish to seek legal advice to understand its terms and to protect your rights.

**Written Objection to Confirmation**: If you disagree with the terms of this plan, you must file a written objection with the U.S. Bankruptcy Court by the date of the Meeting of Creditors and serve it upon the trustee and debtor's attorney or, if not represented by an attorney, the debtor. If you fail to file a timely written objection to confirmation of this plan and the plan is confirmed by the court, you will be bound by its terms.

**Plan Payment**: The debtor must make the first payment proposed by the plan within 30 days after the plan is filed or the order for relief is entered, whichever is earlier, or the case may be dismissed without further notice.

**Proof of Claim**: To receive payments, you must file a proof of claim. You may file the proof of claim electronically if you are a registered participant for electronic filing. If not, a blank claim form is enclosed for your use. The form must be fully executed, legible and you must attach any required documentation. It must be filed with the court and served upon the debtor's attorney or, if not represented by an attorney, the debtor.

**Distribution of Funds**: Payments will be disbursed by the chapter 13 trustee consistent with 11 U.S.C. § 1326(b)(1) and according to the plan. Creditors secured by personal property will receive adequate protection payments contemporaneous with other administrative claims. Non-administrative priority and unsecured claims under 11 U.S.C. § 507 will be made in their order of priority, except that allowed claims under § 507(a)(1)(B) which may be listed as an optional provision of the plan will be paid after other priority claims. Payments must be credited in accordance with the terms of the plan and § 524(i).

**Treatment of Secured Claims**: The valuations shown will be binding unless a timely objection to confirmation is filed. Secured claims will be allowed for the value of the collateral or the amount of the claim, whichever is less. The remaining balance of any partially-secured claim will be treated as a general unsecured claim. If the time value of money (interest rate) is not specified, it will be paid at an annual rate of seven percent (7%).

**Adequate Protection Payments**: Subject to the trustee's monthly disbursement cycle, the trustee will disburse adequate protection payments commencing within 30 days after a proof of claim is properly filed, documenting the nature and extent of a claimed lien. Adequate protection payments may be no less than the monthly depreciation of the collateral.

**Proposed Compromise**: If the debtor has proposed a compromise affecting your collateral, you may either accept, reject or renegotiate the proposed compromise. If you reach an agreement, the resulting claim will be treated as a secured claim under § 506 and the plan may be confirmed. If you do not affirmatively agree, you must file an objection to confirmation (see above), and the confirmation hearing will be continued for consideration of a modified plan.

UNITED STATES BANKRUPTCY COURT
*for the*
NORTHERN DISTRICT OF CALIFORNIA
San Jose Division

## Order Establishing Procedures for Objection to Confirmation

1. **Placement on Trustee's Pending List and Hearing Taken Off Calendar:** If an objection to confirmation is filed or a case is otherwise not ready for confirmation based on deficiencies, such as defaults on plan payments, the Trustee will file a Trustee's Statement of Non-Readiness for Confirmation at least 10 days before the confirmation hearing. The court will serve a notice indicating that the case has been placed on the Trustee's Pending List ("TPL") and that no appearances are expected, the plan will not be confirmed, and the matter will be taken off calendar at the confirmation hearing.

2. **Procedures for Restoring Matter to Confirmation Calendar:** A case that is on the TPL may be restored to the confirmation calendar as follows:

   a. To restore the matter to the Uncontested Confirmation Calendar, the Trustee will file a Trustee's Statement of Resolution when all outstanding objections are resolved, deficiencies have been cured, and the debtor(s) is current on plan payments. The Trustee's docketing of the Statement of Resolution will cause the court to issue a notice that the restored confirmation hearing is set on the date of the next available Uncontested Confirmation Calendar and to serve the notice on parties in interest.

   b. To restore a contested confirmation matter to calendar so the court can resolve factual or legal issues, any party in interest (including the debtor(s)) may file and serve in conformity with B.L.R. 9014-1(a) a Notice of Hearing and Certificate of Service on 28 days' notice to parties in interest. The matter may be set on any Contested Confirmation Calendar date posted on the court's website, but only if these three conditions are met: (1) the § 341 meeting has concluded; (2) the parties have met and conferred in good faith (in person or by telephone); and (3) the dispute is ready to be submitted for resolution, trial setting, evidentiary hearing, or briefing.

   No later than 14 days before the hearing, the noticing party shall file a Chapter 13 Status Conference Statement identifying: (a) the disputed factual and legal issues; (b) the date and time when the parties conferred; and (c) the time estimate for trial or argument. If the Chapter 13 Status Conference Statement is not timely filed, the matter will be stricken from calendar. Matters stricken from the Contested Confirmation Calendar must be re-noticed for hearing by submitting a new Notice of Hearing, Certificate of Service, and Chapter 13 Status Conference Statement.

**IT IS SO ORDERED:**

ARTHUR S. WEISSBRODT
UNITED STATES BANKRUPTCY JUDGE

CHARLES NOVACK
UNITED STATES BANKRUPTCY JUDGE

STEPHEN L. JOHNSON
UNITED STATES BANKRUPTCY JUDGE

(Effective August 1, 2011) (Rev. 6/20/2011)